# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 09-20134
Summary Calendar

Lyle W. Cayce
Clerk

GUY SCHNEIDER,

Plaintiff-Appellant

v.

HARRIS COUNTY SHERIFF DEPARTMENT,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-2732

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Guy Schneider, Texas prisoner # 1330688, brought a 42 U.S.C. § 1983 suit alleging use of excessive force in connection with his arrest and deliberate indifference to his serious medical needs. The district court granted the defendant's motion for summary judgment, denied Schneider's, and dismissed the suit. This appeal ensued. We AFFIRM.

This court reviews the grant of a motion for summary judgment *de novo*. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.,* 576 F.3d 221, 226 (5th Cir. 2009).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2).

Schneider argues that the defendant is legally responsible for the arresting officers' acts under the theory of municipal liability, and he maintains that excessive force was used in connection with his arrest. He also maintains that the defendant exhibited deliberate indifference to his serious medical needs by failing to promptly and adequately treat the injuries that he suffered to his teeth when he was arrested. Under Schneider's view, the defendant violated his Due Process rights with respect to the manner in which it defended the instant suit.

Additionally, Schneider contends that the district court erred with respect to its rulings on his requests to amend his complaint, for discovery, for appointed counsel, and for an investigator. According to Schneider, he was denied access to the courts. Finally, Schneider moves this court for appointed counsel, to stay the proceedings, and for leave to conduct depositions.

These arguments are all unavailing. The record does not show that Schneider's constitutional rights were infringed pursuant to an official policy or custom of the defendant. *See Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658, 690-91 (1978); *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 312 (5th Cir. 2002). The record also does not establish that any official was aware of and ignored a substantial risk of serious harm to Schneider's health. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Consequently, Schneider failed to raise a meritorious claim of excessive force or deliberate indifference to serious medical needs, and he concomitantly has shown no error in connection with the district court's grant of the appellee's motion for summary judgment. His argument concerning the alleged Due Process violation that resulted from the defendant's litigation practices lacks merit.

Similarly, Schneider has failed to show that the district court abused its discretion in connection with its rulings on his numerous motions. Because

there is nothing exceptional about the instant case, there is no error in connection with the district court's denial of his request for appointed counsel. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).  Our review of the record likewise shows no error in connection with the district court's rulings on Schneider's requests for an appointed investigator, discovery, and to amend his complaint.  *See Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009); *Scott v. Monsanto Co.,* 868 F.2d 786, 793 (5th Cir. 1989).  We decline to consider Schneider's access to courts claim because it is raised for the first time in this appeal.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 343 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.  All outstanding motions are DENIED.